## In re STEPTER.

Court of Claims of Ohio,
Victims of Crime Division.

No. V90–72529.

Decided April 29, 1997.

*Michael Dale Falleur*, for the applicant.

*Betty D. Montgomery*, Attorney General, for the state.

OPINION AND ORDER OF THREE-COMMISSIONER PANEL.

This appeal came to be heard before this panel of three commissioners on February 19, 1997 upon applicant Raleigh L. Stepter's October 9, 1996 objection to the September 11, 1996 order of the single commissioner.

The applicant filed the original reparations application on November 30, 1990. On September 30, 1991, the single commissioner denied the applicant's claim pursuant to R.C. 2743.60(D) due to collateral source availability. On September 30, 1994, the applicant filed a supplemental reparations application. On August 15, 1995, the single commissioner denied the applicant's supplemental claim pursuant to R.C. 2743.60(D).

On September 8, 1995, the applicant filed an objection and notice of appeal. The appeal was heard before a panel of three commissioners on January 11, 1996. On February 28, 1996, the panel issued an order finding that the single commissioner erred on August 15, 1995 in basing the calculation of the applicant's work loss on income earned after the criminally injurious conduct rather than using the

applicant's income at the time of the criminally injurious conduct. Accordingly, the panel set aside the single commissioner's August 15, 1995 decision and remanded the claim to the single commissioner and referred the claim to the Attorney General for further investigation concerning recalculation of the applicant's work loss using the gross income figure of $300 per week. The parties had agreed to that figure at the hearing, and the panel commissioners determined that it was reasonable based on the information and evidence before them.

On September 11, 1996, the single commissioner issued a decision and order in response to the panel's February 28, 1996 remand order. The single commissioner again denied the applicant's claim pursuant to R.C. 2743.60(D) due to collateral source availability. This is the decision from which the applicant takes the present appeal.

The Attorney General and the applicant's counsel attended the hearing and presented oral argument for this panel's consideration.

The applicant's counsel explained that the Attorney General used the applicant's gross recovery from workers' compensation in calculating the applicant's work loss and did not deduct the amount of legal fees incurred by the applicant in pursuing his workers' compensation claim. The applicant submitted a copy of a February 7, 1997 letter from C. Russell Canestraro of the law firm of Barkan and Neff, stating that the applicant incurred attorney fees in the amount of $7,523.12 in relation to his workers' compensation claim, and $406.42 in associated legal expenses. Based on the Attorney General's work loss figures in the March 15, 1996 amended finding of fact and recommendation, the amount of collateral source reimbursement actually received by the applicant was $49,600.42, rather than $57,529.96, resulting in unreimbursed work loss in the amount of $7,651.70.

The Attorney General initially argued in her brief that the applicant had failed to submit information supporting his claim that he incurred unreimbursed work loss, as the Attorney General's Office had received no documentation establishing the amount of attorney fees incurred by the applicant. At the hearing, however, the Attorney General agreed that the letter establishing the amount of attorney fees incurred by the applicant was sufficient to establish that the applicant incurred unreimbursed work loss and did not object to the payment thereof.

Following review of the documents and evidence contained in the claim file, and with full consideration of the oral argument presented at the hearing, this panel makes the following determination.

Pursuant to *In re Franklin* (Dec. 13, 1992), Ct. of Cl. No. V85–61506tc, unreported, an applicant who has incurred attorney fees to pursue a workers' compensation claim arising from the same criminally injurious conduct giving rise to the reparations claim may receive an award of reparations for work loss to the

extent that the applicant was not made whole by the workers' compensation award.

In the present claim, the applicant has demonstrated that his workers' compensation award failed to make him whole to the extent that attorney fees and legal costs were deducted from the award. Therefore, we find that the applicant incurred unreimbursed work loss in the amount of $7,651.70.

Accordingly, the September 11, 1996 order of the single commissioner shall be reversed, and the applicant shall be granted an award of reparations in the amount of $7,651.70 for unreimbursed work loss.

IT IS THEREFORE ORDERED THAT:

1. The September 11, 1996 order of the single commissioner is REVERSED;

2. Judgment is rendered against the state of Ohio and the Director of Budget and Management as its agent for payment of the award in the amount of $7,651.70;

3. The Clerk shall certify the judgment, in the amount of $7,651.70, to the Director of the Office of Budget and Management for payment to the applicant pursuant to R.C. 2743.191;

4. This award is expressly conditioned upon the subrogation provisions of R.C. 2743.72, which require the applicant to repay an award to the state if the Attorney General discovers and proves that the applicant was not actually eligible for an award of reparations or the award should not have been made under the standards and criteria set forth in R.C. 2743.51 to 2743.72;

5. This order is entered without prejudice to the applicant's right to file a supplemental reparations application pursuant to R.C. 2743.60(D) and 2743.68;

6. Costs assumed by the reparations fund.

*Judgment accordingly.*

KARL H. SCHNEIDER, JAMES H. HEWITT III and PHILLIP E. PARISI, Commissioners, concur.